VINCENZO LATTANZI AND ANGIOLINA LATTANZI, PROSECUTORS, v. THE COMMISSIONER OF PUBLIC WORKS OF THE CITY OF CAMDEN, IN THE COUNTY OF CAMDEN, THE BUILDING INSPECTOR OF THE CITY OF CAMDEN, ANTONIO MONFORTE, MARIANNA MONFORTE AND ANGELO ANTONELLI, RESPONDENTS.

Submitted May 7, 1946—Decided September 17, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutors, *Frank M. Lario.*

For the respondents Antonio Monforte and Marianna Monforte, *Gene R. Mariano* and *Joseph D. Mariano.*

For the respondents Commissioner of Public Works of the City of Camden and the building inspector for the City of Camden, *John Crean* (*Norman Heine,* of counsel).

For the respondent Angelo Antonelli, *Albert E. Scheflen.*

The opinion of the court was delivered by

WACHENFELD, J.  The question presented by this application involves the determination of the meaning of the words "building line" as used in the building ordinance of the City of Camden.  The ordinance provides, in part, that no building of any kind shall be extended beyond the official building line established in any city block except after notice to adjacent resident owners to allow them an opportunity to file objections thereto.  The ordinance defines the term "official building line" to mean "not only the official building line established by the City Ordinance, but also the building line in any one city block or square maintained and established by the majority of the other property owners in any city block or square."

Admittedly, the building line in this case would have to be established by the majority of the property owners as provided in the aforesaid ordinance inasmuch as there is no other provision in the city ordinance for establishing the same.

Application was made by the respondents Antonio Monforte and Marianna Monforte, to the Commissioner of Public Works of Camden for a permit to alter the front of their house so as to enclose a front porch and make it a business front for a bakery which is operated on the premises.  The permit was granted although no notice had been given of the application.

If the aforesaid ordinance is construed to mean that the building line for the block is the front wall of the porch, the permit was properly allowed.  If, on the other hand, the

building line is determined to be the wall at which the porch is connected with the main portion of the house, the construction contemplated would violate the building ordinance.

The porch concerned is of a permanent construction with solid foundation and roofing and firmly attached to the house. A "building" is defined by *Webster's New International Dictionary* as "that which is built; specifically, as now generally used, a fabric or device, formed or constructed, designed to stand more or less permanently and covering a space of land, for use as a dwelling, storehouse, factory, shelter for beasts or other useful purpose."

It seems clear that the structure in question in this suit comes within that definition. A similar question was presented in *Mulleady* v. *City of Trenton*, 9 *N. J. Mis. R.* 1102, where the court held that the line formed by the outer wall of a porch would be considered the building line for compliance with the set-back line established by a zoning ordinance.

The house herein concerned is adjacent to several other houses with similar permanent front porches. Furthermore, several buildings in the same block, without porches, extend to the line established by the porches. In view of these facts, plus the permanent nature of its construction, the building line should be construed to be the outer line of the porch and not the wall at which the porch is connected with the main portion of the house.

Therefore, the action of the commissioner was proper and the writ of *certiorari* is dismissed, without costs.